IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| iOR PARTNERS LLC, a Nevada limited liability company,<br><br>          Plaintiff,<br><br><br>v.<br><br>LOGAN EYE INSTITUTE, PLLC, dba MONSON VISION, a Utah professional limited liability company; and BRYAN MONSON, individually and as the owner and member of Logan Eye Institute, PLLC,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFAULT JUDGMENT**<br><br><br>Case No. 1:25-cv-00135-TC<br><br>Judge Tena Campbell |

Before the court is a motion for default judgment filed by Plaintiff iOR Partners LLC (iOR) against Defendants Logan Eye Institute, PLLC (Logan Eye) and Bryan Monson, individually and as the owner and member of Logan Eye. (ECF No. 20.)

On October 1, 2025, the Plaintiff filed an Amended Complaint in this action. (ECF No. 6.) Neither Logan Eye nor Mr. Monson filed an answer, and iOR moved for entry of default against the Defendants on December 15, 2025. (ECF No. 16.) The Clerk of Court entered a default certificate on December 16, 2025. (ECF No. 17.)

The Plaintiff requests entry of judgment against the Defendants in the total amount of $442,264.95 for their breach of contract claim, plus pre-judgment interest, post-judgment interest, and an award of costs and attorneys' fees. (See ECF No. 20 at 2.)

For the following reasons, the court grants iOR's motion.

1

**LEGAL STANDARD**

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process. See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014). If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default. Id. (citing Fed. R. Civ. P. 55(a)). "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)). Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances. DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009). "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

**ANALYSIS**

The Plaintiff supports its motion for default judgment with a declaration from iOR's Chief Financial Officer, Greg Fisher. (Decl. Greg Fisher, ECF No. 20-1 at ¶ 3.) The court has carefully reviewed Mr. Fisher's declaration and supporting exhibits and agrees with his conclusions—namely, 1) that iOR signed Management Services Agreements (MSAs) with the Defendants in September 2021 and February 2025; 2) that the Defendants owed iOR $442,264.95 under those MSAs at the time iOR filed its Amended Complaint in this action; and

3) that the Defendants have not paid the outstanding amounts and are therefore in breach of the MSAs.  (See id. ¶¶ 4–17.)

Furthermore, the court agrees that prejudgment interest is appropriate here.  Under the terms of the MSA, the court awards interest at 1.5% per month.  (See ECF No. 20 at 5.)  In its motion for default judgment, iOR calculates that, as of December 30, 2025, prejudgment interest of $146,950.13 has accrued.  Because an additional month has passed, the court adds one month of prejudgment interest (or $6,633.97, which is 1.5% of $442,264.95) to the amount previously calculated by the Plaintiff.  The court therefore awards $153,584.10 in prejudgment interest.

Combining the amount owed under the MSAs and the prejudgment interest accrued, the court awards iOR $595,849.05.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      The Plaintiff's Motion for Default Judgment (ECF No. 20) is GRANTED.

2.      The court awards the Plaintiff $595,849.05, an amount that represents $442,264.95 in amounts owed under the relevant contracts and $153,584.10 in prejudgment interest, against Defendants Logan Eye and Bryan Monson, individually and as the owner and member of Logan Eye.

3.      The court's judgment shall bear interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.  See 28 U.S.C. § 1961(a).

4.      The Plaintiff may file a Bill of Costs and a separate motion for attorneys' fees as provided under Rule 54(d) of the Federal Rules of Civil Procedure.

DATED this 30th day of January, 2026.

BY THE COURT:

_____

Tena Campbell
United States District Judge